## BAKER v. ARNOT.

*Sale — what is not — Warranty — of genuineness of corporate bonds.*

R. pledged some forged bonds with A. as security for a loan. Subsequently R. negotiated a sale of the bonds to B., and A., by direction of R., delivered them to B. and received from B. the proceeds, out of which he retained the loan, paying the balance to R. A. did not know that the bonds were forged *Held*, that the bonds were not sold by A. and he did nothing to render him liable for a warranty of their genuineness.

APPEAL by defendants from a judgment in favor of plaintiff, entered upon the verdict of a jury, and from an order denying a new trial.

The action was brought in Kings county by Cyrus O. Baker against Harriet Arnot, executrix, etc., under the last will and testament of John Arnot, deceased, and others, to recover the amount paid by plaintiff for twenty-one forged bonds purporting to be issued by the Buffalo, New York and Erie Railroad Company, which it was claimed were sold to plaintiff by said testator, who did business under the name of "The Chemung Canal Bank." The circumstances of the transaction are sufficiently set forth in the opinion.

*Gillett & Stiger* and *Ira Shaffer* for appellants.

*Jos. P. Osborne* and *A. P. Whitehead*, for respondents, cited Story on Bailm. §§ 296–323; Edw. on Bailm. 93; *Bowman* v. *Wood*, 15 Mass. 534; *Depuy* v. *Clark*, 12 Ind. 432; *Collins* v. *Martin*, 1 Bos. & Pul. 648; *Peacock* v. *Rhodes*, 2 Doug. 633; *Hartop* v. *Hoare*,

Baker v. Arnot.

3 Atk. 50; *Miller* v. *Race*, 1 Burr. 452; *Andrew* v. *Dietrich*, 14 Wend. 31; *Coddington* v. *Bay*, 20 Johns. 638.

BARNARD, P. J.   I do not think there was sufficient evidence to go to the jury upon the question, whether the defendant's testator or Roberts sold the bonds in question. John Arnot, deceased, had loaned to Roberts, $850 on each of twenty-one Buffalo, New York and Erie Railroad Company bonds, at sixty days. This was the last of June, 1873. Within a day or two, Roberts asked Cole & Co., a firm of brokers who did business for Arnot, to sell the bonds and pay the loan. This Cole & Co. declined to do. Roberts then applied to Arnot to make the sale; he declined, saying that he was satisfied with the loan as it was. Roberts then said he would sell them himself, and went out, and returned, saying that he had sold them, and that they would be delivered to C. O. Baker (plaintiff). Cole & Co. took the bonds, and accompanied by Roberts, went to plaintiff's, received the proceeds by certified check payable to plaintiff's cashier, and endorsed by him to Cole & Co., and Cole & Co. indorsed the same to John Arnot. Arnot gave Roberts his check for the difference between the amount of the loan and the amount of the proceeds of sale. I see nothing in this state of facts to warrant a finding against John Arnot. He had loaned money on bonds, and had simply delivered them to plaintiff, at Roberts' request, upon payment of his loan upon them. *Ketcham* v. *Bank of Commerce*, 19 N. Y. 509.

Assuming that there was sufficient evidence to go to the jury upon the question whether Arnot or Roberts made the sale, I think the justice erred in refusing to charge as requested by defendant: "If the jury find from the evidence that the Chemung County Bank (John Arnot) took the bonds simply as security for a loan, and suffered and permitted, or directed their delivery, in pursuance of a sale by Roberts, with a view of retaining their possession until the loan was paid, and with a view of thereby obtaining payment of the money loaned, the plaintiff can not recover and the defendant is entitled to their verdict." This seems a plain proposition. Roberts simply paid his debt to Arnot by transferring to him the proceeds of the sale of the bonds so far as was necessary to pay the debt, and retained the remaining proceeds himself, and after John Arnot's debt was paid, he delivered the bonds, by the direction of Roberts, to plaintiff. I do not see that he had said or done any

thing to make him liable for a warranty of the title or genuineness of the bonds.

The judgment should be reversed and a new trial granted, costs to abide event.

*Judgment reversed and new trial granted.*